[Civ. No. 4084. First Appellate District, Division One.—July 19, 1922.]

JOHN F. GALLAGHER, Appellant, v. THOMAS BOYLE, Auditor, etc., Respondent.

[1] PHONOGRAPHIC REPORTERS — TRANSCRIPTIONS OF TESTIMONY—PROCEEDINGS IN OTHER THAN SUPERIOR COURTS—JURISDICTION.—Judges of the superior courts have no authority to order persons not official reporters of said courts to make transcriptions of the testimony taken in other courts and in cases other than those pending in the superior court and to create a charge therefor upon the public treasury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. C. Flynn for Appellant.

George Lull and Maurice Dooling, Jr., for Respondent.

RICHARDS, J.—This appeal is from a judgment of the superior court of the city and county of San Francisco denying the application of the appellant for a writ of mandate by which he was seeking to compel the respondent, as auditor of said municipality, to issue his warrant upon its treasury for the payment to appellant of the sum of sixty-six dollars claimed by him to be due for the transcription of certain testimony taken by him as a police court reporter at the preliminary examination of one Bernardino Caterini in the police court of said city and county upon a charge of felony, upon which he was discharged from custody by the judge of said police court. The transcription of said testimony was made upon an order of the superior court of said city and county entered in another criminal case, to which said Caterini does not appear to have been a party. The purpose for which such transcription was made does not appear, but the appellant attempts to justify the order for its transcription under subdivisions 4 and 5 of section 128 of the Code of Civil Procedure, which read as follows:

"4. The Superior Court shall have power to compel obedience to its judgments, orders, and process, and to the orders of a judge out of court, in any action or proceeding pending therein.

"5. To control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter appertaining thereto."

[1] We find nothing, however, in either of these subdivisions of said section of the code which would give a semblance of authority to the superior court to make the order in question. The appellant was not the official re-

porter of said superior court, nor did the case of Caterini ever reach that tribunal. The sections of the Code of Civil Procedure which confer authority upon superior courts or the judges thereof to have shorthand notes of proceedings in said courts taken and transcribed, and which render the expense of so doing a charge against the public treasury payable out of its general fund, are sections 274, 274a, and 274b of said code. These have reference solely to proceedings in said courts and to the official reporters thereof. Neither by these nor by any other sections of the Code of Civil Procedure is any authority conferred upon judges of the superior courts to order persons not official reporters of said courts to make transcriptions of the testimony taken in other courts and in cases other than those pending in the superior court and to create a charge therefor upon the public treasury. In the absence of such statutory authority for the making of such orders we are satisfied that the power to make the same does not exist, and hence, that the making of the transcriptions and copies thereof under a void order could not be made the basis of a valid claim against the public treasury. The auditor was, therefore, justified in refusing to draw his warrant for the payment of such claim.

Judgment affirmed.

Tyler, P. J., concurred.