[Civ. No. 4385. Fifth Dist. Dec. 11, 1978.]

THERESA BARWIS et al., Petitioners, v.
THE SUPERIOR COURT OF STANISLAUS COUNTY, Respondent;
DENNIS PUTHUFF, Real Party in Interest.

**COUNSEL**

Hansen, Soika, Boyd & Culhane and Hartley T. Hansen for Petitioners.

No appearance for Respondent.

Robert R. Elledge for Real Party in Interest.

OPINION

BROWN (G. A.), P. J.—Petitioners seek, inter alia, a writ of prohibition restraining respondent court from enforcing its order directing them to prepare a reporter's transcript of an administrative hearing and reserving jurisdiction to fix the amount to be paid for said transcript.

FACTS

Real party is the plaintiff in an administrative mandamus proceeding pending before respondent court; petitioners are not parties to that action.

Petitioner Comptrans, Inc., a firm of certified shorthand reporters, was employed by the City of Modesto to transcribe an administrative hearing regarding real party's employment as a policeman. Petitioner Barwis actually reported the administrative hearing held in April of 1978.

Real party sought a transcript of the administrative hearing from petitioners, but a dispute developed regarding the price thereof. Petitioners requested $4,040 for an original and one copy at $2.80 per page. Real party offered to pay at the rate prescribed by Government Code section 69950.

After a hearing upon real party's motion for relief regarding the preparation and cost of a transcript, respondent court entered the following minute order on August 22, 1978: "Within 30 days of service of formal order and payment of $2,000.00 by Petitioner, Theresa Barwis and Comp-Trans shall prepare, serve and file the reporter's transcript. Jurisdiction to fix the correct amount of reporter's fees is reserved." A formal order to the same effect was signed on August 30, 1978. Petitioners seek appropriate relief from this order.[1]

DISCUSSION

■ We hold that respondent court lacks subject matter jurisdiction to order petitioners to prepare a transcript of the administrative hearing and fix the price to be paid for such transcript.

_____

[1]On October 25, 1978, we issued an alternative writ of prohibition stating that oral argument in this proceeding would be deemed waived if no party requested such argument by November 24, 1978; there has been no request for argument.

Real party contends that Code of Civil Procedure section 128, subdivision 5[2] authorizes respondent court's order.[3] We disagree. Petitioners are not "connected with" the administrative mandamus action within the meaning of this statute. (See *Gallagher* v. *Boyle* (1922) 58 Cal.App. 571 [209 P. 82].) Their sole connection to said action is that they are in a position to produce evidence which does not presently exist—a transcript of the administrative hearing.[4] Petitioners' nexus to the action is indistinguishable from others who have the ability to produce evidence for use in litigation but have not done so—a photographer who has not photographed the accident scene, an accident reconstruction expert who has not attempted to reconstruct the accident, a medical doctor who has not examined the patient, studied the file or formed an opinion. Section 128 cannot reasonably be construed to vest a court with power to order such persons, including petitioners, to perform labor and thereby produce evidence for use in litigation.

The power granted by section 128, subdivision 5, is expressly limited by a requirement that the court act in the furtherance of justice. For all of the reasons stated herein, we conclude that the August 22 order does not further justice and, therefore, is not authorized by that statute.

[2]Code of Civil Procedure section 128 provides in part:
"Every court shall have power:
"  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .
"5. To control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter appertaining thereto; . . ."

[3]Real party has apparently abandoned his contention, asserted before respondent court, that Government Code section 69950 authorizes the order at issue. Section 69950 does not apply to petitioners because they are not official court reporters. (Gov. Code, §§ 69941, 69947.)

Real party now relies upon the fact that Government Code section 11523 provides that the transcription cost for certain administrative proceedings is fixed by Government Code section 69950 to support his contention that a court should have power to control the reporter to assure proper judicial review. However, section 11523 is not applicable here. (Gov. Code, §§ 11500, 11501.) The fact that section 11523 was enacted lends support to our conclusion that respondent court lacks inherent power to fix the fee to be paid for an administrative hearing transcript.

[4]The language in *Burns* v. *Superior Court* (1903) 140 Cal. 1, 9 [73 P. 597], to the effect that a notary public who administers a deposition constitutes an ex officio officer of the court for the purpose of taking depositions, is grounded upon discovery statutes. *Burns* does not support a conclusion that unofficial shorthand reporters are officers of the court when reporting an administrative hearing. There is an obvious distinction between discovery proceedings in a superior court action and independent administrative proceedings subject to review in the superior court. The former arises out of and exists because of the superior court action—it is a part thereof. However, administrative proceedings before a different tribunal do not arise out of and are not a part of a superior court action to review the administrative decision. Therefore, a transcript of the administrative proceeding necessarily bears only an evidentiary relationship to the instant administrative mandamus action; the evidence may be essential to real party's cause of action, but this fact cannot change the nature of its relationship to the action.

Real party contends that public policy requires that a trial court have authority over shorthand reporters of administrative proceedings when court review thereof is sought. We disagree. Public policy must also consider the rights of the shorthand reporter. Petitioners' legal duty to produce a transcript is governed by contract law. Absent a specifically enforceable contract, petitioners are not obligated to perform the work involved in preparing a transcript; in any event, they are not required to do so at the price set by respondent court or real party is willing to pay. Respondent court's order has deprived petitioners of the substantive and procedural protections of the law applicable to contract actions;[5] it constitutes an exaction contrary to law. (See *Buckley* v. *Chadwick* (1955) 45 Cal.2d 183, 202 [288 P.2d 12, 289 P.2d 242].)

The alternative writ of prohibition heretofore issued by this court is dissolved.

The petition for writ of certiorari/mandate is denied.

Let a peremptory writ of prohibition issue restraining the Stanislaus County Superior Court from enforcing its order entered on August 22, 1978, in action No. 152808 directing Theresa Barwis and Comptrans, Inc., to prepare, serve and file a transcript of the administrative hearing and reserving jurisdiction to fix the amount to be paid for said transcript.

Petitioners shall recover their costs in this court upon this proceeding from real party, Dennis Puthuff. (See *Oksner* v. *Superior Court* (1964) 229 Cal.App.2d 672, 690-691 [40 Cal.Rptr. 621].)

The stay order issued by this court on October 5, 1978, shall remain in effect until this decision is final in all courts or the Supreme Court grants a hearing herein, whichever may first occur.

Hopper, J., and Vilas, J.,* concurred.

A petition for a rehearing was denied January 8, 1979, and the petition of the real party in interest for a hearing by the Supreme Court was denied February 8, 1979.

---

[5]The most obvious of such protections is service of a complaint stating a cause of action for breach of contract. Real party has not pleaded or proved the existence or breach of a relevant contract.

*Assigned by the Chairperson of the Judicial Council.