Opinion
NEAL, J.
Summary
Under Government Code section 11523, an administrative agency whose decision is challenged by mandamus must provide a hearing transcript to petitioner on payment of reporters’ fees at the statutory rate for superior court reporters specified in Government Code section 69950. But if the agency defeats the petition, it can then collect from petitioner the balance of fees actually incurred by the agency to obtain the transcript.
Factual and Procedural Background
Defendant and appellant Medical Board of California (Board) revoked plaintiff and respondent Kevin N. Carnage’s medical license. Gamage *938 brought a mandamus action in superior court challenging the license revocation.
Gamage needed the oral transcript of the administrative revocation hearings for his mandamus action. Government Code section 11523 required Board to provide this transcript to Gamage on payment of fees set in accordance with Government Code section 69950. This section sets the rate official superior court reporters can charge. Gamage posted the fee in the sum of $4,097.85, and Board supplied the transcript.
A private firm reported and transcribed Carnage’s administrative license revocation hearings and charged Board $8,035 for the transcript.
After the trial court denied Carnage’s petition for a writ of mandate,[1] Board filed a cost memorandum requesting the full $8,035 paid for the transcript as a cost of suit. Gamage moved to tax costs, asserting that his liability for the transcript was limited to $4,097.85, the amount computed at the Government Code section 69950 rate. The court granted the motion and “taxed,” or declined to include in the judgment, the $3,937.15 by which Board’s actual cost exceeded the amount computed under section 69950.
Board brought this appeal.
Discussion
Government Code section 11523, entitled “Judicial Review,” provides in relevant part that when a writ of mandate is sought challenging an administrative agency’s action: “The complete record of the proceedings, or such parts thereof as are designated by the petitioner, . . . shall be delivered to petitioner, within 30 days . . . upon the payment of the fee specified in Section 69950 .... Thereafter, the remaining balance of any costs or charges for the preparation of the record shall be assessed against the petitioner whenever the agency prevails on judicial review following trial of the cause. . . .” (Italics added.)
Government Code section 69950 specifies the transcription fee which must be charged by official superior court reporters, but does not purport to set or limit reporting fees for other reporters or proceedings. (See Barwis v. Superior Court (1978) 87 Cal.App.3d 239, 242, fn. 3 [150 Cal.Rptr. 758].)
Reading the two sections together, we conclude that Government Code section 11523 contemplates the agency must release the transcript upon *939 payment of fees at the rate specified in section 69950, but is entitled to collect from petitioner, if the agency prevails, “the remaining balance of any costs or charges for preparation” of the transcript.
Disposition
The judgment is reversed only insofar as it reduced appellant Board’s cost recovery by $3,937.15. The trial court is ordered to enter a new judgment increasing costs allowed by that sum. In all other respects the judgment is affirmed. Appellant shall recover its costs on appeal.
Lillie, P. J., and Johnson, J., concurred.

 Gamage's appeal from this decision was dismissed after he failed, despite notice from this court, to file his opening appeal brief.